IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH A. BROCKINGTON, <u>ET</u> <u>AL</u>.,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | No. 17-769 |
| | : | |
| **TRANSAMERICA PREMIER LIFE** | : | |
| **INSURANCE COMPANY f/k/a** | : | |
| **MONUMENTAL LIFE INS. CO.,** | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

**AND NOW,** this 7th day of August, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 34), Plaintiff's Response in opposition (Doc. Nos. 35 and 41), Defendant's Reply in support (Doc. No. 37), Defendant's Motions to Strike (Doc. Nos. 39, 43, and 45), and Plaintiff's responses thereto (Doc. Nos. 44, 47, and 49), it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment (Doc. No. 34) is **DENIED**;[1] and

---

[1] Plaintiffs seek to collect under a life insurance policy for the decedent, Abdul King, underwritten by Defendant. Defendant contends that there is no coverage because the policy excludes death by suicide, which, Defendant argues, was the manner of Mr. King's death. Defendant has moved for summary judgment on the ground that there is no genuine dispute of fact as to the manner of death.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The suicide exclusion is an affirmative defense on which Defendant bears the burden of proof. <u>Lomma v. Ohio Nat'l Life Assurance Corp.</u>, 283 F. Supp. 3d 240, 252 (M.D. Pa. 2017). Therefore, Defendant may obtain summary judgment only if the evidence supports suicide "so clearly that no rational jury

- Defendant's Motions to Strike (Doc. Nos. 39, 43, and 45) are **DENIED AS MOOT**.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

**Mitchell S. Goldberg, J.**

---

could [find] to the contrary." See <u>EEOC v. Del. Dep't of Health & Soc. Servs.</u>, 865 F.2d 1408, 1414 (3d Cir. 1989).

The parties agree on the following facts: On February 22, 2014, Mr. King was found dead on the floor of his bedroom next to his wife, Niaja King, also deceased. Mr. King suffered a bullet wound to his head, and Mrs. King suffered multiple bullet wounds to her body. Police found three fired shell casings and one firearm near the bodies, though neither party has provided a forensic analysis linking the gun to the wounds. Present in the house were Mr. King's mother and niece, neither of whom witnessed the deaths. The Philadelphia Medical Examiner's Office concluded that the manner of Mr. King's death was suicide. (Mot., Ex. D, Doc. No. 34-2, at 31-32, 123, 142; <u>Id.</u>, Ex. E, Doc. Nos. 34-3, -4, and -5, at 3.)

The parties disagree on whether and how strongly these and other facts suggest suicide. Defendant's expert, Ian Hood, authored a report affirming the medical examiner's conclusion, based on, among other factors, the nature and location of Mr. King's bullet wound, the reported pattern of gunshot sounds, the lack of testimony of screaming, the location of the bodies, the presence of the gun, and the timing of the couple's deaths relative to their upcoming anniversary. (Mot., Ex. Q, Doc. No. 34-23, at 2-3.) Plaintiffs' expert, Fredric Hellman, opined that other factors point against suicide: the couple's ages and quality of their marriage, the presence of family members in their home, the crime rate of the neighborhood, Mr. King's history as a victim of gun violence, and the unlocked front door. Dr. Hellman further stated that Mr. King's contact bullet wound was not inconsistent with homicide, and would be in an awkward location for suicide. (Mot. Ex. M, Doc. No. 34-13, at 7; <u>Id.</u>, Ex. O, Doc. No. 34-21, at 3.)

This evidence does not rise to a level that would entitle Defendant to summary judgment on its affirmative defense. It consists of factors that Defendant argues suggest suicide and which Plaintiffs contend are merely consistent with suicide. Rebutting these are factors that, in Plaintiffs' view, make suicide less likely. Whether these factors suggest or refute suicide depends on which expert is believed, and the conclusion they produce depends, ultimately, on which factors carry the greater weight. These determinations are fundamentally those for the trier of fact. Accordingly, Defendant has not shown that no rational factfinder could disagree with its position.

Plaintiffs' informal request for summary judgment to be entered in their favor is denied for the same reason.